## UNITED STATES v. CHARPENTIER.

### No. 127.

Circuit Court of Appeals, Second Circuit.

Nov. 9, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Francis F. Giles, Asst. U. S. Attys., both of Brooklyn, N. Y., for the United States.

Joseph H. Wackerman, of Brooklyn, N. Y., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

### PER CURIAM.

The plaintiff filed a bill in equity for an injunction against using the defendant's house to dispense liquors (as a "nuisance"). The bill alleged that the defendant was the owner and occupant of the premises on which liquors were made, kept, and sold, that they were being used for that purpose and as a "nuisance," and that the defendant, unless prevented, would "continue in the future to keep, maintain and use said premises * * * as a place where intoxicating liquor is manufactured, sold, kept or bartered." It prayed that the marshal abate the "nuisance," that the liquors be destroyed, and that the described use of the premises be forbidden. The judge thought that the bill did not plainly enough allege that the defendant personally kept and sold the liquors, and that this was necessary. He therefore dismissed the bill, and the plaintiff appealed.

We pass the question whether it is enough to subject the owner of a building to a suit for injunction that liquors are unlawfully sold there; that is, whether he must be shown to have known, or acquiesced, or actively taken part, in the unlawful use. It is enough that this bill alleges that the defendant "will continue" to use the premises "as a place where intoxicating liquor is * * * sold." Assuming, arguendo, that there is a deficiency in the earlier allegations, this supplies it; one cannot "continue" to do what one is not already doing. The language is perhaps somewhat inartificial, but by modern notions it will serve; a pleading is to be construed with latitude. Again, though the words chosen to describe the unlawful use of the premises are lifted from the statute, that is no objection. United States v. Gooding, 12 Wheat. 460, 473–475, 6 L. Ed. 693. Indeed it is at times permissible to use terms of description whose truth presupposes some proposition of law. Dunbar v. U. S., 156 U. S. 185, 189–191, 15 S. Ct. 325, 39 L. Ed. 390.

362

The words here, "kept, sold and manufactured," do not even go so far as that; they are drawn from colloquial speech and assert the "ultimate facts." Rule 25 (28 USCA § 723).

Decree reversed; defendant to answer over.